739 P.2d 1331

**Brian A. HAMPTON, Plaintiff/Appellee,**

**v.**

**SANDY COWEN AGENCY, INC., Defendant/Appellant.**

**No. 2 CA–CV 5957.**

Court of Appeals of Arizona, Division 2, Department B.

March 5, 1987.

Review Denied July 14, 1987.

Roger A. McKee, Phoenix, for plaintiff/appellee.

Beus, Gilbert, Wake & Morrill by Neil Vincent Wake and Paula S. Bickett, Phoenix, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

On September 24, 1984, appellee, Brian Hampton, entered into an employment contract with appellant, Sandy Cowen Agency, Inc. One term of that contract provided that if Hampton's employment was terminated, he would receive three months' severance pay. In March 1985 he was terminated without severance pay. He then brought a breach of contract action. At this point, appellant learned for the first time of what it believed to be material misrepresentations made by Hampton at the time of employment. It sought, on this basis, to rescind its contract with Hampton. It appeals from a summary judgment against it on the rescission defense and in favor of Hampton on the contract claim. We reverse.

The misrepresentations alleged are that Hampton failed to list on his resume his recent employment with a Phoenix company (he was fired after two months) and that he was accustomed to making between $40,000 and $50,000 a year (his income tax returns showed income substantially below that). Appellee argued below, alternatively, that any such misrepresentations were immaterial and that, in any event, they could not defeat his contract action because they were not known to appellant at the time the contract was breached.[1]

Hampton's resume stated that from 1978 to present he had been self-employed. Appellant contemplated hiring him to develop new business for the agency. In this context, we believe both alleged misrepresentations could be material. By saying he was self-employed from 1978 to 1984, Hampton misled appellant into believing that he had not been employed by others. He thus prevented her from learning of the bad opinion one employer had of him. A primary purpose of a resume is to learn of prior employment so that the opinions of those employers can be canvassed. With respect to his claimed earnings, such a claim by a self-employed person directly relates to his ability to garner business, the very purpose for which appellant wished to hire him. We find almost incomprehensible the assertion that had appellee told the truth—"In my last employment I was fired five months ago after being employed for two months and I have averaged earnings of $10,000 a year being self-employed"— appellant nonetheless as a matter of law would have hired him at a base salary of

---

1. Because not raised below we do not reach appellee's claim that his income tax records were not properly authenticated so as to establish the falsity of his claimed prior earnings.

$36,000 a year. See Restatement (Second) of Contracts § 164 (1979).

■ With respect to the argument that appellant cannot now assert a claim for rescission because the grounds for it were not known at the time of the breach, we believe it fully answered by Restatement (Second) of Contracts § 385 (1979). Comment (a) states that one has no duty to perform a contract that he has the power to avoid "even if he is ignorant of his power of avoidance and believes that his refusal or failure is a breach."

The judgment is reversed and the matter remanded for trial of the claim and defense. Any claim for attorneys' fees on appeal may be asserted at the termination of the case in trial court.

HATHAWAY and LACAGNINA, JJ., concur.